UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

―――――――――――――――――――――――――――――――

EASTON RAE, LLC,

                        Plaintiff,

          -v-

VIOLET GREY, INC.,

                        Defendant.

21-CV-6234 (JPO)

OPINION AND ORDER

―――――――――――――――――――――――――――――――

J. PAUL OETKEN, District Judge:

      Before the Court is Defendant Violet Grey, Inc.'s motion to dismiss the Third Amended Complaint filed by Plaintiff Easton Rae, LLC.  Defendant moves to dismiss (1) for failure to properly allege diversity jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and (2) for failure to state a claim under Federal Rule 12(b)(6).  For the reasons that follow, Defendant's motion to dismiss is denied on both grounds.

**I.**    **Background**

      **A.**    **Factual Background**

      The following facts are drawn from the Third Amended Complaint (ECF No. 40. "TAC") and are assumed true, with all inferences drawn in favor of the Plaintiff.

      Easton Rae LLC, formerly Sprezzatura LLC, Plaintiff in this action ("Easton Rae" or "Plaintiff"), is a consulting firm for entrepreneurs.  (TAC ¶ 5.)  Plaintiff is a one-member LLC; Jessica Davidoff ("Davidoff") is the single member and the CEO.  (TAC ¶¶ 3, 7.)  Violet Grey, Inc. ("Violet Grey" or "Defendant") is an entrepreneurial skincare and beauty company.  (TAC ¶¶ 4, 9.)  Cassandra Grey ("Grey") served as CEO during the relevant time.  (*Id.*)

      On January 5, 2021, Plaintiff had already been providing consulting services to Defendant, and the parties agreed to modify their previous agreement (the terms of which have

not been provided by the parties or described in detail). (TAC ¶ 10.) As modified, the contract required Plaintiff to perform nine obligations in connection with preparing a three-year plan; in exchange, Defendant would pay Plaintiff $26,250 per month. (*Id.*) Plaintiff was not obligated to work exclusively for Defendant and Plaintiff would be classified as Defendant's independent contractor, not its agent or employee. (*See* ECF No. 42-2.)

Shortly thereafter, CEO Grey, in early February, began recruiting Davidoff to serve as Chief Business Officer ("CBO") at Defendant, and Davidoff began performing the CBO's sixteen specific obligations in March 2021. (TAC ¶ 11.) Grey unilaterally announced to the world that Davidoff had become Defendant's CBO, a role with extensive responsibilities, at least ten of which the Defendant agrees could not have been contemplated by the agreement. (TAC ¶¶ 12 – 14; Def. Memo. at 7 – 8.) The parties never memorialized any agreement regarding the CBO role. The TAC alleges that Grey assured Davidoff that a formal appointment was forthcoming. Plaintiff worked for approximately two or three months full-time as a member of Defendant's C-Suite and secured certain essential transactions for Defendant, such as playing the key role in negotiating a sale of control to Farfetch, Ltd. ("Farfetch"), which summed to "at least 40,000,000 million." (TAC ¶ 18.) The TAC also incorporates emails and text messages sent by Grey suggesting that Davidoff's CBO status would entitle her to a percentage of that $40 million figure, or that Davidoff would be compensated at roughly the market rate for non-founder CBOs at similar firms. By May 2021, Grey informed Davidoff that she would not serve as CBO at Violet Grey, Inc. (*See* TAC ¶ 20.)

### B.  Procedural History

Plaintiff commenced this action on July 21, 2021. In that first iteration of its case, Plaintiff asserted three claims: two quasi-contract claims — *quantum meruit* and unjust enrichment (which remain) — and conventional breach of contract between Plaintiff and

Defendant (which is no longer asserted. (*See generally* ECF No. 1.) Defendant did not answer and, instead, on August 18, 2021, filed a Rule 12(b)(6) motion to dismiss on the ground that Easton Rae, LLC had failed to properly register to do business in New York state. (*See* ECF No. 8.) Plaintiff filed the First Amended Complaint on September 3, 2021, curing this defect. (*See* ECF No. 17.) Defendant again moved to dismiss under Rule 12(b)(6), this time arguing that Plaintiff's two quasi-contract claims should be dismissed because, under New York law, when there is a "valid and enforceable contract between the parties," recovery under either of Plaintiff's two equitable quasi-contract theories is not permitted. (*See* ECF Nos. 18, 19.)

Plaintiff then amended the complaint for a second time, dropping its breach of contract claim and asserting only equitable quasi-contract and promissory estoppel claims. In the Second Amended Complaint, Plaintiff clarified that it did not allege the existence of a valid contract, oral or otherwise, covering the terms of the CBO period. (ECF No. 22; *see also* ECF No. 27.) Defendant again moved under Rule 12(b), arguing for the first time that (1) Plaintiff failed to allege enough in controversy to satisfy the requirement for diversity jurisdiction under Rule 12(b)(1), and (2) Plaintiff's claims for equitable relief are barred by the statute of frauds, meriting dismissal under Rule 12(b)(6). (*See* ECF Nos. 23, 24.) Plaintiff amended for a third time to cure certain perceived defects with respect to the amount in controversy; Defendant's fourth Rule 12(b)(6) motion maintained the amount in controversy and statute of frauds arguments and raised an additional New York law defense that the CBO negotiations were attempts to modify the written agreement, which contained an integration clause precluding its modification except by signed writing. (ECF No. 41; Def. Memo. at 2 – 7.)

Before the Court now is Defendant's motion to dismiss the TAC on two grounds: one seeking dismissal for lack of federal subject matter jurisdiction under Rule 12(b)(1), the other seeking dismissal for failure to state a claim for relief under Rule 12(b)(6).

## II.     Rule 12(b)(1)

Defendant argues that the TAC should be dismissed because it fails to adequately plead diversity jurisdiction under 28 U.S.C. § 1332.  (Def. Memo at 5 – 7.)  "[A] claim may be properly dismissed for lack of subject matter jurisdiction where a district court lacks constitutional or statutory power to adjudicate it." *Kingsley v. BMW of N. Am., LLC*, 2012 WL 1605054, at *2 (S.D.N.Y. May 8, 2012) (citing Fed. R. Civ. P. 12(b)(1); *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)).  "When a court evaluates a motion to dismiss for lack of subject matter jurisdiction, all ambiguities must be resolved and inferences drawn in favor of the plaintiff." *Id*. (citing *Aurecchione v. Schoolman Transp. Sys., Inc*., 426 F.3d 635, 638 (2d Cir. 2005); *Makarova*, 201 F.3d at 113)).   The plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence.  *Id*.  (internal citations omitted).

Under 28 U.S.C. § 1332, "federal jurisdiction is available only when . . . when plaintiff and defendants are of diverse citizenship and the amount in controversy exceeds $75,000 (§ 1332)." *Kingsley*, 2012 WL 1605054, at *4.  In this case, Plaintiff asserts no claims which "arise under the Constitution or any federal law," so there is no possibility of federal question jurisdiction.  *Id*.  Defendant does not dispute that the parties are citizens of different states; Defendant argues only that the TAC does not satisfy the amount in controversy requirement.

Diversity jurisdiction requires an amount-in-controversy exceeding $75,000.  The amount is measured at the time of filing, *see Hall v. EarthLink Network, Inc*., 396 F.3d 500, 506 (2d Cir.2005), and is established by the dollar-amount actually claimed "on the face" of the complaint.  *See Horton v. Liberty Mut. Ins. Co*., 367 U.S. 348, 353 (1961); *Scherer v. Equitable*

*Life Assurance Soc'y of U.S.*, 347 F.3d 394, 397 (2d Cir. 2003).  In the Second Circuit, the rule is that

> . . . . [a] party invoking the jurisdiction of the federal court has the burden of proving that . . . to a 'reasonable probability' . . . the claim is in excess of the statutory jurisdictional amount.  This burden is *hardly onerous* . . . for [the Second Circuit] recognize[s] a rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy.

*Scherer*, 347 F.3d at 397 (internal citations and quotation marks omitted).

Plaintiff satisfies that "hardly onerous" criterion here.  There is no dispute that the allegations of damages on the face of the TAC exceed $75,000, triggering the presumption that the amount in controversy requirement is met.  Defendant does not attempt to argue "to a legal certainty" that the TAC's damages claim is erroneous, instead exclusively attacking the plausibility of Plaintiff's allegations.  (Def. Memo at 6.)  Moreover, Defendant has itself provided the Court with a written contract that substantiates the claim that, when Plaintiff was only acting for Defendant as a part-time independent contractor, Defendant valued Plaintiff's services at over $25,000 per month.  It is not unreasonable to infer that, for Plaintiff to provide such services and many more as well as to do so exclusively for Defendant as its employee for multiple months, Plaintiff would be entitled to an amount exceeding $75,000; the rest of Defendant's arguments are contested factual issues inappropriate for resolution on a motion to dismiss for lack of jurisdiction.  Defendant's attacks on the amount in controversy fail to sustain Defendant's burden as a matter of law, and the Rule 12(b)(1) motion is therefore denied.

### III.    **Rule 12(b)(6)**

Defendant also argues that Plaintiff fails to state a claim based on two affirmative defenses.  First, Defendant argues that Plaintiff's claims are barred by New York's statute of frauds, *see* N.Y. GOL § 5-701(a)(10), which requires that agreements such as that undergirding

5

Plaintiff's CBO duties must be evidenced by a signed writing.  (Def. Memo. at 14 – 17.) Defendant also argues that all discussions between Davidoff and Grey about the CBO role amounted to impermissible attempts to modify their January 5 agreement, which contained an integration clause and prohibited oral modifications, rendering claims related to the CBO transaction unactionable as a matter of law under N.Y. GOL § 15-301.  (Def. Memo. at 7 – 13.)

Plaintiff argues that raising these two affirmative defenses in Defendant's fourth pre-answer Rule 12(b) motion is procedurally barred by Federal Rule 12(g) because Defendants failed to include these defenses in their first 12(b) motion, when they were equally available. (*See* ECF No. 44 ("Opp.") at 11 n. 8.)

Rule 12(g)(2) provides that, "Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." Fed. R. Civ. P. 12(g)(2).  The exceptions in the Rule, under 12(h)(2) (exception for 12(b) defenses raised in a Defendant's answer, at summary judgment, or at trial) and under 12(h)(3) (exception for any jurisdictional objection under 12(b)(1)) are inapplicable to resolving the dispute here.  Rule 12(g)(2) is understood to "bar successive 12(b)(6) motions containing arguments that could have been raised in earlier motions."  *Polidora v. Dagostino & Assocs.*, 2021 WL 4482273, at *1 n. 1 (S.D.N.Y. Sept. 29, 2021) (Nathan, J.) (citing *Bates v. Bristol-Myers Squibb Co.*, 2017 WL 5952903, at *2 (S.D.N.Y. July 26, 2017); *Sullivan v. Aircraft Servs. Grp., Inc.*, 2021 WL 76836, at *1 (E.D.N.Y. Jan. 8, 2021)).

Plaintiff's first Complaint alleged the same basis for recovery and the same oral theories of damages and reliance as did all subsequent complaints, so the no oral modifications and statute of frauds defenses were available to Defendant when it filed its first motion to dismiss.

6

Accordingly, as to Defendant's current motion, this Court "denies the motion[ to dismiss] to the extent [it] raise[s] defenses or objections that could have been . . . previously presented . . . . The [C]ourt will only consider arguments that Defendants could not have advanced in their previous motions to dismiss." *Ogunkoya v. Cnty. of Monroe*, 2020 WL 3791850, at *4 (E.D.N.Y. July 7, 2020) (citing *Naples v. Stefanelli*, 2015 WL 541489, at *5 (E.D.N.Y. Feb. 7, 2015) (where defendants "could have" made argument "in their first motion to dismiss, but they did not," argument is waived)).

Defendant suggests that the amending of the complaint permits its raising of new defenses despite the fact that those defenses were available to Defendant at the time it filed its first pre-answer Rule 12(b) motion. But Defendant does not provide authority for this view. The rule is more nuanced than Defendant suggests: "[C]ourts have held that the filing of an amended complaint 'does not automatically revive the defenses and objections a defendant waived in its first motion to dismiss, nor does it allow a defendant to advance arguments that could have been made in the first motion to dismiss." *Id*. at *3 (internal citation omitted)).

Defendant's new affirmative defenses fail this test. They were available to have been raised well before this iteration of the complaint, and so Plaintiff's amendments, which pertained to jurisdictional facts, did not create a new right to raise them. Here, "the amended complaint did not change the theory or scope of the case in any way relevant to the new defense" and so Defendant had no right to raise the new affirmative defenses on which it today relies. *Burton v. Ghosh*, 961 F.3d 960 967 – 68 (7th Cir. 2020).

There is no unfair prejudice to Defendant. Rule 12 is meant to enact a "consolidation principle" such that, while a defendant is at no time required to file a pre-answer Rule 12(b) motion, if it does choose to do so before answering the complaint, then the defendant "is bound

by the consolidation principle in Rule 12(g), which contemplates a single pre-answer motion in which the defendant asserts all of the Rule 12 defenses and objections then available to [it]." 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1384 (3d ed. 2022). Moreover, any prejudice is cured by Defendant's still-existing right to file its answer and then raise these affirmative defenses on a Rule 12(c) motion for judgment on the pleadings. *See Leyse v. Bank of Am. Nat'l Ass'n*, 804 F.3d 316, 320 (3d Cir. 2015) (recognizing that "a successive motion to dismiss for '[f]ailure to state a claim . . . may be raised (A) in any pleading allowed or ordered under Rule 7(a); (B) by a motion under Rule 12(c); or (C) at trial," but holding this exception does not apply where Defendant's (quoting Fed. R. Civ. P. 12(h)(2), but holding that this exception does not apply when Defendant's "motion[s] to dismiss [were] plainly neither a Rule 7(a) pleading nor a motion raised at trial. Nor [were they] Rule 12(c) motion[s] for judgment on the pleadings, which may be filed only '[a]fter the pleadings are closed." (quoting Fed. R. Civ. P. 12(h)(2), 12(c))). Simply, "[u]nder Rule 12(h)(2), a party may raise a defense based on Rule 12(b)(6) that it omitted from an earlier [Rule 12] motion: (1) 'in any pleading . . . under Rule 7(a)'; (2) 'by motion under Rule 12(c)'; or (3) 'at trial.'" *Sullivan v. Aircraft Servs. Grp., Inc.*, 2021 WL 76836, at *1 (E.D.N.Y. Jan. 7, 2021) (quoting Fed. R. Civ. P. 12(h)(2)) (citing *Kramer v. Dane*, 2018 WL 5077164, at *4 (E.D.N.Y. July 26, 2018)); *Torres v. UConn Health*, 2018 WL 2926277, at *6 (D. Conn. June 7, 2018)). Here, Defendant does not seek to introduce these defenses through a pleading (such as an answer), a Rule 12(c) motion (as it has not answered), nor to introduce them at trial.

This makes sense because of the specific affirmative defenses raised. A defendant seeking dismissal on a pre-answer motion under Rule 12(b) based on New York oral contract law often runs into "the trouble . . . that [in New York,] the Statute of Frauds is an affirmative

8

defense and '[a] plaintiff need not plead the existence of a sufficient writing in order to state her claim.'" *Fox v. Citizens Bank N.A.*, 2018 WL 1478046, at *3 (March 26, 2018) (quoting *Yarusi v. S. Sedghi Inc.*, 2015 WL 4772761, at *2 (S.D.N.Y. Aug. 13, 2015)). Having Defendant answer first would be most efficient, as this case illustrates. Here, Defendant strategically defers taking positions on key aspects of its defenses, such as whether a written contract existed, making it difficult for the Court to wade into any statute of frauds issue.

Defendant suggests that the Court should convert its precluded Rule 12(b) arguments into a Rule 12(c) motion for judgment on the pleadings. (*See* ECF No. 46 ("Def. Reply") at 5.) However, the authority Defendant cites for this explains why such a move would be inappropriate: Defendant here, unlike in the cases they cite, has not filed an answer. *See Alzheimer's Foundation of Am., Inc. v. Alzheimer's Disease & Related Disorders Assoc., Inc.*, 2018 WL 2084168 at *3 – *4 (S.D.N.Y. May 1, 2018) (Sweet, J.) ("Rule 12(g)(2) requires a party to *consolidate all of its available Rule 12 defenses into a single motion*: 'a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion.'").

**IV.   Conclusion**

For the foregoing reasons, Defendant Violet Grey, Inc's motion to dismiss is DENIED. Defendant shall file an answer within 21 days after the date of this opinion and order. The Clerk of Court is directed to close the motion at ECF Number 41.

SO ORDERED.

Dated: March 29, 2023
        New York, New York

_____
J. PAUL OETKEN
United States District Judge